JULIAN M. FIRESTONE, Respondent, *v.* FIRST DISTRICT DENTAL SOCIETY OF THE STATE OF NEW YORK, Appellant.

First Department, December 21, 1965.

*John M. Foley* of counsel (*William T. Condon,* attorney), for appellant.

*Emanuel Redfield* for respondent.

*Per Curiam.* This is an appeal from a judgment directed for plaintiff in a declaratory judgment action. The plaintiff, upon the summons and complaint, moved for a temporary injunction and defendant cross-moved before answer for judgment dismissing the action.

Since defendant's cross motion to dismiss the action was made on an affidavit and exhibits, the Special Term, upon a proper submission, would have been entitled to treat the motion as a motion for summary judgment and render judgment accordingly

(CPLR 3211, subd. [c]), but the judgment directed herein in plaintiff's favor is not properly supported. Where, as here, in such a declaratory judgment action, an adjudication declaring and enforcing plaintiff's alleged rights depends upon the substantiation of material allegations which purport to be in bona fide dispute, summary judgment should not have been granted.

The plaintiff, a dentist, engaged in the practice of his profession in the City of New York and a member of the defendant, First District Dental Society of the State of New York, a membership corporation, brings this action against it to declare the invalidity of certain provisions of its code of ethics and its regulations. The plaintiff seeks to void as unreasonable, arbitrary and contrary to public policy, the provisions of defendant's code and regulations that require the approval by it before publication or broadcast of manuscripts or talks prepared by a member of the defendant, including provisions for disciplinary action against a member who violates the code and regulations. There are allegations that the plaintiff has submitted to the defendant a particular manuscript (copy annexed to complaint) prepared by plaintiff and previously accepted for radio broadcast and that defendant has refused to approve a broadcast of the same. The plaintiff demands judgment, declaring that the particular provisions of defendant's code and regulations are void and unenforcible; and, incidentally, to declaratory judgment relief, plaintiff seeks an injunction restraining defendant from interfering with publications or broadcasts by plaintiff, and restraining the defendant from disciplining plaintiff for failure to obtain advance approval therefor.

The plaintiff contends that the defendant's regulations are contrary to public policy insofar as they limit him, a professional man, in his right to speak up in the public interest; that the regulations represent an improper censorship restraint on the right of freedom of expression; and that the enforcement of the code and regulations would violate the protections of the First and Fourteenth Amendments to the United States Constitution. It appears, however, that the plaintiff, on becoming a member of the defendant society, agreed in writing to abide by all of its regulations, and defendant contends that thereby the plaintiff has waived his right to question the validity of its code and regulations or the effect thereof upon his constitutional rights.

The plaintiff has alleged that there are no dental associations or societies for dentists in the City of New York other than the defendant; that it and its parent bodies are monopolistic

as dental societies in the City of New York; that membership in the defendant society is an economic necessity for the practicing dentist in the City of New York; and that suspension or expulsion from membership of such a dentist through disciplinary proceedings on his failure to comply with defendant's code and regulations will result in economic loss, with a specification of the factors alleged to contribute to such a loss if the plaintiff should be suspended or expelled from membership. These allegations of plaintiff's complaint are material as the basis of any proper declaration of the rights of plaintiff (see *Matter of Salter* v. *New York State Psychological Assn.*, 14 N Y 2d 100; *Matter of Kurk* v. *Medical Soc. of County of Queens*, 46 Misc 2d 790; *Falcone* v. *Middlesex County Med. Soc.*, 34 N. J. 582; see, also, Ann. 89 ALR 2d 952), but these allegations are disputed and the plaintiff has not presented any factual support for the same.

The complaint, however, does state a cause of action for declaratory judgment relief and the defendant's motion to dismiss must fail because it also has failed to establish that it is entitled to judgment as a matter of law. The defendant does aver a failure on part of plaintiff to exhaust his alleged remedies as provided for in the constitution and by-laws of the defendant, including his alleged remedy of appeal to the State Dental Society and of further appeals to the Judicial Council and House Delegates of the American Dental Association. It appears, however, that the remedies and appellate procedures available within the framework of the organization are provided chiefly for the purpose of the review of any disciplinary action taken against a member. In any event, on the present record, it may not be held, as a matter of law, that the alleged failure to follow the provided for remedies or appellate procedures will preclude plaintiff from declaratory judgment relief.

Judgment should be reversed and vacated, on the law, with costs and disbursements to abide the event; plaintiff's motion for temporary injunction should be denied, without costs; and defendant's cross motion for order dismissing complaint should be denied, without costs, with leave to defendant to serve an answer to the complaint within 20 days after service of the order hereon with notice of entry.

BREITEL, J. P., RABIN, STEVENS and EAGER, JJ., concur.

Judgment unanimously reversed and vacated, on the law, with $50 costs to abide the event; plaintiff's motion for temporary injunction denied, without costs; and defendant's cross motion for an order dismissing complaint denied, without costs, with

leave to defendant to serve an answer to the complaint within 20 days after service of a copy of the order to be settled hereon, with notice of entry.

Settle order on notice.